KATE SCOTT *vs.* HELEN M. WELLS.

Argued Oct. 24, 1893.   Affirmed Nov. 14, 1893.

No. 8472.

**Widow's interest in her deceased husband's real estate.**

    The one-third of the real estate which goes to the widow on the death of her husband is, for the purpose of paying his debts, a part of his estate to be administered, so that a license to sell for that purpose "the interest of said estate" in described land, will cover the widow's third.

**Practice in Probate Court in selling real estate to pay debts.**

    It is not necessary to go against the widow's one-third separately in proceedings to sell for payment of debts.

Appeal by plaintiff, Kate Scott, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made September 8, 1893, sustaining a demurrer to her complaint for partition.

Ansel F. Scott departed this life intestate prior to June 27, 1889. His widow, Kate Scott, was appointed sole administratrix of his estate.   On that date she petitioned the Probate Court of Hennepin County for license to sell his real estate to pay his debts. License was granted August 28, 1889, to sell at public sale "the interest of the estate as the same may appear, in lot twelve (12) in Auditor's Subdivision seven (7) in Minneapolis."   She sold the property by this description to Mary J. Dean for $100.   Her report of the sale was made and the sale confirmed and on May 13, 1890, she as such administratrix granted and conveyed to the purchaser her heirs and assigns all the right, title and interest of the estate of Ansel F. Scott deceased in and to the lot, subject to a mortgage thereon for $1,800.   Mary J. Dean afterwards sold and conveyed the property to the defendant, Helen W. Wells.

On June 12, 1893, plaintiff claimed to own one undivided third of the lot as the widow of Ansel F. Scott under 1878 G. S. ch. 46, § 3, and that the sale to pay debts did not include the one third interest which she inherited.   She brought this action to have this undivided third set off to her in severalty.   Her complaint stated

these facts and prayed partition. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The Court sustained the demurrer and plaintiff appeals.

*Smith & Smith*, for appellant.

Our contention is that the estate of the widow in her husband's lands, after his death, was not divested by the proceedings in the Probate Court. We concede, for so is the statute, that the widow's interest is subject in its just proportion with other lands of which her husband died seized to the payment of his debts. But we insist that to subject the widow's interest and estate in her deceased husband's land to sale for the payment of the debts of the estate, her interest and estate must be put directly in question in the petition and be the subject of direct adjudication by the Court, and the decree of the Court must direct its sale and to what extent it shall bear the burthen of the debts. The Court must ascertain by its decree what such just proportion is, and only sell that part. This was not done and the sale did not embrace her interest in the land.

The present provision for the wife by the Probate Code, Laws 1889, ch. 46, § 64, is the same as 1878 G. S. ch. 46, § 3. It is nothing more nor less than enlarged dower and we contend it is governed by all the common law rules regarding dower. This is the question in this case. *In re Rausch*, 35 Minn. 291; *In re Gotzian*, 34 Minn. 159; *McGowan* v. *Baldwin*, 46 Minn. 477; *Dayton* v. *Corser*, 51 Minn. 406; *Holmes* v. *Holmes*, 54 Minn. 352.

To divest the widow of her interest in the lands of her deceased husband some direct proceeding must be taken to which she is made a party and in which she has opportunity to contest the claim of creditors, that a sale is necessary to pay the debts. *Lawrence* v. *Miller*, 2 N. Y. 245; *Lawrence* v. *Brown*, 5 N. Y. 394; *Goodwin* v. *Kumm*, 43 Minn. 403; *Mack* v. *Watson*, 41 Ia. 246; *Grady* v. *McCorkle*, 57 Mo. 172; *Crenshaw* v. *Creek*, 52 Mo. 98; *Owen* v. *Staten*, 26 Ala. 547; *Covert* v. *Hertzog*, 4 Pa. St. 145; *Shurtz* v. *Thomas*, 8 Pa. St. 359; *Sip* v. *Lawback*, 17 N. J. Law, 442.

*Alfred H. Bright* and *George B. Young,* for the respondent.

The only question in this case is, what part of lot twelve was sold? Was the entire lot sold, or only two thirds of it? Under the present statute there is in this state no such thing as dower. The wife takes as an heir subject to the debts of the deceased. Until the debts are paid she has no more interest in the real estate of her deceased husband (the homestead excepted) than any other heir at law. If there be no debts or none in excess of the personal property, then she takes one third of all the real estate in fee. If the debts equal or exceed the entire estate, then all real estate must be sold and the wife gets nothing. She stands exactly as the other heirs stand. An examination of the Probate proceedings shows clearly that the understanding of the parties was that the entire property was being sold, not an undivided two thirds.

GILFILLAN, C. J. Ansel F. Scott died intestate, leaving the real estate in controversy, and this plaintiff, his widow, who was appointed administratrix of his estate. As such she filed in the Probate Court a petition representing that it was necessary to sell all the real estate of which the intestate died seised to pay the debts of the estate and expenses of administration, and praying for a license to sell the same. License was thereupon granted to sell "the interest of said estate as the same may appear in" the real estate in controversy, describing it. The sale was made, and, being confirmed, plaintiff executed to the purchaser the usual administrator's deed, conveying "all the right, title, and interest of the estate of said Ansel F. Scott, deceased, in and to" the real estate, describing it. Defendant has succeeded to the interest of the purchaser. Plaintiff brings this action in partition, claiming that, notwithstanding the sale, she is the owner of the undivided one-third of the real estate, which the statute vests in the widow upon the death of her husband.

To state briefly the propositions upon which plaintiff's counsel rest her claim, they are these: The undivided third of the real estate that goes to the widow is no part of the estate of the deceased, and is not covered by a petition for license to sell nor by a license to sell for payment of debts the "interest of the estate" in described lands; that to make a valid sale of the widow's one-

third for payment of debts, "her interest and estate must be put directly in question in the petition, and be the subject of direct adjudication by the court, and the decree of the court must direct its sale, and to what extent it shall bear the burthen of the debts." That is, as we understand it, the proceeding to procure a sale must be expressly against the widow's third, as a separate interest or estate.

In various opinions in this court the estate which a widow takes in the lands of her deceased husband has been to some extent likened to dower. It has been said to be "in the nature of dower," "an enlargement of dower," etc. Such expressions are apt to be misleading. They suggest a likeness between things essentially dissimilar. The only particular in which common-law dower and the estate that now goes to the widow resemble each other is that the same person takes. In the attributes of the two estates, in their quantity and quality, they are entirely dissimilar. But it is immaterial—in this case, at any rate—what the estate is called, whether an estate in dower or of inheritance, and how, as matter of theory, the widow takes, whether as doweress or as heir; for it passes to her "subject, in its just proportion, with the other real estate, to the payment of such debts of the deceased as are not paid from the personal estate." Prob. Code, Laws 1889, ch. 46, § 64. The liability to the debts of the deceased must, of course, be enforced in the Probate Court, and in the administration upon his estate.

Upon the owner's death the title to the real estate of which he dies seised vests at once in his widow and his heir or devisee; but it vests subject to the claims of administration, and to the extent that it is subject to such claims it is a part of the estate in the court for administration, if it be necessary to resort to it for the purpose. It may be called a "secondary fund," the interest of the heir for payment of charges, debts, and legacies, and that of the widow for payment of debts. The administration may seriously diminish, and even exhaust altogether, the share that would otherwise go to the widow, the heir, or devisee. It would seem that any interest in real estate which may be appropriated and entirely used up in administering a particular estate must be a part of that estate for the purpose of administration.

All interests in the real estate subject to payment of debts are in proceedings for that purpose included in and covered by the words "the interest of said estate" in any described lands; therefore the petition and the license and the deed included the plaintiff's interest.

When the different interests in the real estate are equally subject to the charges for which the sale is sought, there is no reason for severing them. Indeed, it must be evident that in such case the interests of all will be best served by selling the entire estate in the particular land.

Order affirmed.

(Opinion published 56 N. W. Rep. 828.)

Application for reargument denied November 24, 1893.